## A98A1123. WACHOVIA BANK OF GEORGIA, N.A. v. MILLER et al.
### (502 SE2d 538)

BLACKBURN, Judge.

Wachovia Bank of Georgia appeals from the trial court's order confirming an arbitration award and ordering Wachovia to release certain frozen funds.

David and Janice Miller entered into an agreement with Section 1031 Services, Inc., pursuant to which Section 1031 Services agreed to serve as facilitator of a tax-free like-kind exchange of property pursuant to § 1031 of the Internal Revenue Code. The parties also entered into an escrow agreement providing that the Millers would deposit funds with Section 1031 Services to effect the tax-free exchange, which funds Section 1031 Services would hold in escrow in its account at Wachovia. The exchange agreement contained an arbitration provision requiring arbitration of any dispute between the parties.

On July 24, 1997, the Millers transferred $152,820.96 into Section 1031 Services' Wachovia account, to be held pursuant to the escrow agreement. Subsequently, the Millers became concerned because they were repeatedly unable to contact James Gideon, the president of Section 1031 Services, whom they were told had left the country.

On September 4, 1997, the Millers made a demand for arbitration pursuant to the exchange agreement. They also filed a complaint in Cobb County Superior Court against Section 1031 Services and Wachovia, seeking to freeze the assets in Section 1031 Services' account and also seeking an order staying the action pending arbitration. Following a hearing that afternoon, notice of which was provided to Wachovia, the trial court entered a temporary restraining order freezing the funds in the Wachovia account in the amount of $152,820.96 until further order of the court.

On September 12, 1997, the arbitrator entered an award in favor of the Millers, finding that Gideon's unavailability jeopardized the Millers' ability to consummate the like-kind exchange and that the Millers were entitled to select a successor facilitator and to have the escrow funds transferred to such successor. The Millers filed an emergency motion to confirm the arbitration award and to direct Wachovia to release the escrow funds to the Millers. The trial court entered a rule nisi requiring the parties to appear for a hearing on the motion at 2:00 p.m. on September 12. The motion and rule nisi were served on Wachovia at 11:30 a.m. on September 12.

Neither Wachovia nor Section 1031 Services appeared at the hearing. After the hearing, the trial court entered an order confirming the arbitration award. The court also found that the funds depos-

ited by the Millers remained on deposit in the Wachovia account for the benefit of the Millers. The court ordered Wachovia to release the funds to the Millers to be paid over to the successor facilitator designated by them, Donald L. Mize, who was required to hold the funds in an escrow account for a period of 45 days.

1. Wachovia contends that the trial court erred in confirming the arbitration award because the Millers failed to obtain an order compelling arbitration and because Section 1031 Services did not participate in the arbitration proceeding. However, these objections, even if valid, are properly made by Section 1031 Services, not by Wachovia. The arbitration proceeding was a proceeding between the Millers and Section 1031 Services, and Wachovia was not in any way involved in that proceeding. No award was made by the arbitrator against Wachovia. Although Section 1031 Services might have been able to appeal the trial court's ruling confirming the arbitration award, Wachovia has not in any way shown that it has standing to attack the validity of the award.

OCGA § 9-9-12 provides that "[t]he court shall confirm an [arbitration] award upon application of a party . . . unless the award is vacated or modified by the court as provided in this part." OCGA § 9-9-13 (c) provides that, under certain specified conditions, an arbitration award "shall be vacated on the application of a party who neither participated in the arbitration nor was served with a demand for arbitration or order to compel arbitration." It is clear that, in using the term "party," the statute refers to a party to the arbitration agreement or to some other party whose rights the arbitration award purports to affect. Nothing in the statute allows a stranger to the arbitration, whose rights are not affected by the award, to attack the validity of the award.

2. In two enumerations, Wachovia contends that the trial court erred in ordering it to release the escrow funds to the Millers. However, the record reflects that, after the entry of the order, Wachovia voluntarily paid the funds in the account into the registry of the court. On December 31, 1997, the trial court entered an order disbursing $152,820.96 to Donald Mize as successor facilitator for the Millers. Nothing in the record indicates that Wachovia has appealed this ruling. Accordingly, Wachovia's claims that the trial court erred in ordering it to disburse funds to the Millers is now moot.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 20, 1998.

*Venema, Doherty & Delashmit, Paul T. Wright,* for appellant.

*Bentley, Bentley & Bentley, Fred D. Bentley, Jr., Veronica S. Jones*, for appellees.